The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAY MICHAUD, <br><br> Defendant. | NO. CR15-05351-RJB <br><br> **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE OR MODIFY PROTECTIVE ORDER AND UNSEAL MOTION TO SUPPRESS EVIDENCE** |

The United States of America, by and through its undersigned attorneys, respectfully submits this response to the Motion to Vacate or Modify Protective Order and Unseal Motion to Suppress Evidence filed by the defendant, Jay Michaud ("Michaud"). Michaud has received substantial discovery from the United States in this case, including sealed documents and other sensitive information pertaining to an ongoing criminal investigation, pursuant to an agreed-upon protective order that provides for full access to those materials by a broadly-defined defense team. Having obtained these documents via the protective order, Michaud now seeks this Court's authority to vacate the protective order so that he may provide sensitive information about an ongoing criminal investigation, including sealed court documents, to persons outside

Government's Response to Defendant's Motion to Vacate or Modify Protective Order
and Unseal Motion to Suppress Evidence - 1
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

the defense team and to file sealed court documents on the public record in this case. On account of the ongoing criminal investigation and the sensitive information contained in the protected discovery documents, which describe the investigation and sensitive government investigative techniques in great detail, there is good cause to maintain the current protective order. Accordingly, for the reasons set forth more fully below, the United States requests that the Court deny Michaud's Motion.

## I.   BACKGROUND

On July 10, 2015, law enforcement officers executed a federal search warrant at Michaud's residence in Vancouver, WA. During the execution of the search warrant, agents located a thumb drive that contained numerous images of child pornography, including those depicting the anal rape of an infant and a toddler-aged child. That same day, Michaud, a teacher with Vancouver Public Schools, was charged by complaint with possession of child pornography. On July 23, 2015, Michaud was indicted for possession and receipt of child pornography.

The charges in this case arise from a still-ongoing investigation into the multitude of users of a website dedicated to the advertisement and distribution of child pornography, through which Michaud and others accessed and received child pornography.[1] Michaud spent 99 hours on the website between October 31, 2014, and March 2, 2015, viewing 187 site message threads, including those with titles such as "10yo teen with anal front with his father," "[ ]10yo little girl loves adult sex (cum in mouth)" "7yo [ ] hj bj finger pencil in ass vib sum<" and "[ ] ~8yo 3

---

[1] A detailed description of website is available in the *sealed* documents attached to Michaud's motion to suppress. Dkt. 26.

Government's Response to Defendant's Motion to Vacate or Modify Protective Order and Unseal Motion to Suppress Evidence - 2
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

videos, tasting cum." Images Michaud accessed on the site included those depicting the anal rape of a prepubescent female child. The website operated on a network designed to facilitate anonymous communication, which masks user IP addresses which could otherwise be used to identify users. Within that network, entire websites such as the one through which the defendant accessed and received child pornography can be set up, which facilitate the pervasive online sexual exploitation of children on a massive scale.[2]

On August 10, 2015, pursuant to a stipulation by the parties, this Court entered a Discovery Protective Order governing all discovery materials in any format produced by the government that are identified and marked as "Protected Material." Dkts. 17 and 19 (sealed). The Protective Order provides for broad access to such "Protected Material" by the defense team, including the attorneys of record, investigators, paralegals, law clerks, experts, and assistants. Dkt. 19 (sealed). On August 16, 2015, Michaud filed a Motion to Suppress Evidence and related attachments. Dkts. 26, 29 (sealed). The Court placed the motion and attachments under seal pursuant to Michaud's request, after the government requested that he do so because the motion contains numerous quotes from and references to sealed documents and protected material, the attachments consist of sealed documents and protected materials, and the protective order requires that such materials be filed under seal. Dkt. 28. On October 20, 2015, Michaud moved to vacate or modify the stipulated Discovery Protective Order and to unseal his Motion to Suppress Evidence.

---

[2] The government will provide further detail about the ongoing investigation to the Court, in camera, pursuant to a separate request to do so.

Government's Response to Defendant's Motion to Vacate or Modify Protective Order and Unseal Motion to Suppress Evidence - 3
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## II. **ARGUMENT**

Michaud argues that vacating or modifying the stipulated Protective Order is warranted because "the reasons the Government offered for the protective order are not valid, and the limitations imposed by the order are hampering [his] preparations for trial." Def.'s Mot. 1. He also asks the Court to unseal his earlier Motion to Suppress Evidence on the ground that, in his opinion, the Motion to Suppress contains no information warranting continued nondisclosure. *Id.* at 2. His argument is unsubstantiated and lacks merit. The continued maintenance of the protective order is supported by good cause, because the investigation into other users of Website A remains ongoing, public disclosure of sensitive discovery materials in this case is likely to jeopardize that ongoing investigation and result in flight from prosecution and the destruction of evidence, and the protected materials (as well as the defendant's sealed motion to suppress) consist of and contain quotes from and references to documents that remain under seal of the United States District Court for the Eastern District of Virginia and of this Court. Moreover, the protective order provides for access to all protected materials by a broadly defined defense team, including attorneys of record, investigators, paralegals, law clerks, experts and assistants. Michaud, who is free to add persons to his defense team at his discretion, proffers no justifiable reason why the protective order has any material impact upon his access to discovery materials or defense to the charges in this case.

Federal Rule of Criminal Procedure 16(d) provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim.

Government's Response to Defendant's Motion to Vacate or Modify Protective Order and Unseal Motion to Suppress Evidence - 4
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

P. 16(d) (emphasis added).[3]  The requirement of good cause is one on the Court's action, rather than on a party. *United States v. Chow*, No. CR 14-00196, 2014 WL 2093488, at *1 (N.D. Cal. May 19, 2014) (emphasis added) ("Rule [16(d)] does not require a party to demonstrate good cause; it requires that the Court *act* for good cause."); *United States v. Gomez*, No. CR 13-00282, 2014 WL 231984, at *4 (N.D. Cal. Jan. 21, 2014) ("Rule 16(d)(1) allows for exercise of the court's discretion in determining whether a party has shown good cause for restricting discovery."). In any event, a determination as to whether "good cause" exists is made at the district court's discretion. *See United States v. Richter*, 488 F.2d 170, 175 n.18 (9th Cir. 1973) (noting that Rule 16 "leaves matters thoroughly within the discretion of the trial court"); *see also United States v. Fort*, 472 F.3d 1106, 1131 (9th Cir. 2007) (Fletcher, J., dissenting) ("The Rules Advisory Committee specifically designed Rule 16(d)(1) . . . to grant considerable discretion to the district court in drafting orders under that rule."); *United States v. Gomez*, No. CR 13-00282, 2014 WL 231984, at *4 (N.D. Cal. Jan. 21, 2014) ("Rule 16(d)(1) allows for exercise of the court's discretion in determining whether a party has shown good cause for restricting discovery.").

Here, good cause exists to maintain the protective order and the sealing of the motion to suppress because the investigation of the users of the website the defendant accessed remains ongoing and the discovery materials contain specific details regarding that investigation,

---

[3] The defendant claims that documents exchanged in discovery are presumptively public in nature." Def.'s Mot. 2 (quoting *United States v. Arredondo*, No. CR-12-1055, 2012 WL 1946955, at *1 (D. Ariz. May 30, 2012)). The Ninth Circuit has so held in cases involving *civil* discovery under Federal Rule of Civil Procedure 26(c), not criminal discovery pursuant to Fed. R. Crim. P. 16. *See San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").

Government's Response to Defendant's Motion to Vacate or Modify Protective Order and Unseal Motion to Suppress Evidence - 5
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

including government investigative techniques used to identify offenders. Accordingly, disclosure of discovery materials, and sealed court documents, will impede the ongoing investigation. Multiple courts have found good cause to grant protective orders in just such circumstances. For example, in *United States v. Chow*, the Northern District of California granted the government's Motion for Protective Order. No. CR 14-00196, 2014 WL 2093488, at *1 (N.D. Cal. May 19, 2014). That court found that "good cause" existed to support the imposition of a protective order where the materials sought to be protected "contain[ed] information which the government would otherwise seek to redact or limit from exposure, such as sensitive materials that, if improperly disclosed, could be used to expose the true identities of undercover employees involved in the investigation," sensitive materials that "could be used to identify individuals who [had] not yet been charged . . . but whose ongoing criminal activities [were] still under investigation," sensitive materials "identifying numerous individuals who [were] not believed to have engaged in any criminal activities, but who were nonetheless captured on FBI surveillance or documented in FBI reports," and sensitive materials that "could conceivably raise witness safety issues." *Chow*, 2014 WL 2093488, at *1. According to that court, "[g]iven the volume of sensitive material and the fact that it [was] so enmeshed with nonsensitive material," the court concluded, "the protective order . . . [was] both practical and appropriate." *Id.* at *2. Similarly, in *United States v. Smith*, the Government sought a protective order under Rule 16(d), explaining that "disclosure of the discovery materials might impede its ongoing investigations." 985 F. Supp. 2d 506, 530 (S.D.N.Y. 2013) (internal quotation marks omitted). "In particular, the Government contended that public dissemination of the discovery materials '[would] alert possible subjects of the investigation to the Government's interest in

Government's Response to Defendant's Motion to Vacate or Modify Protective Order and Unseal Motion to Suppress Evidence - 6
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

them,' and [would] 'compromise the ability of individuals named in the discovery to assist the Government in its continuing efforts to ferret out wrongdoing by putting subjects on notice of the risk that these individuals [were] cooperating with law enforcement authorities.'" *Id.* at 530–31. That court observed that "materials, including even judicial documents which are presumptively accessible, can be kept from the public if their dissemination might 'adversely affect law enforcement interests.'" *Id.* at 531 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). "Thus, where public disclosure of certain materials might officially reveal the sources and methods law-enforcement officials have used, and will continue to use, to investigate other criminal conduct related to the publicly filed charges, courts have found it appropriate to enter a protective order." *Id.* (citing cases).[4]

Here, as in *Chow and Smith*, the Government has specifically articulated good cause for why the Protective Order should be maintained. The materials produced to Michaud contain highly sensitive information pertaining to an ongoing criminal investigation, including sealed court documents, investigative reports, witness statements, seized electronic data, and detailed descriptions of the investigative methods employed by law enforcement agents used to identify criminals who remain under investigation and have yet to be apprehended. Allowing the defendant to publicize those materials could seriously jeopardize these ongoing investigations by

---

[4] In *Smith*, the government provided a sealed letter for *in camera* review in which it "provided specific details of ongoing investigations that [were] related to the discovery materials . . . in [the] case." *Id.* The court found that "the letter adequately establishe[d] both that there [were] ongoing investigations into criminal conduct related to the discovery materials . . . and that public disclosure of some of these materials plausibly could undermine these investigations" by "reveal[ing] the targets of the investigations and the suspected criminal conduct being investigated," "disclos[ing] the type of evidence being collected," and "officially confirm[ing] who some of the cooperating witnesses in the[] investigations [were]." *Id.* at 531–32. That information, "should it become publicly available," the court concluded, "could alert the targets of the investigation and could lead to efforts by them to frustrate the ongoing investigations." *Id.* at 532. By separate filing, the government requests to do the same here.

Government's Response to Defendant's Motion to Vacate or Modify Protective Order and Unseal Motion to Suppress Evidence - 7
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

alerting potential targets of the law enforcement investigation, which is likely to result in flight from prosecution and the destruction of evidence. Those concerns are heightened where, as here, the investigation pertains to subjects engaged in the sexual exploitation of children. Dissemination of the discovery materials at issue here would accordingly hinder efforts to identify and rescue child victims from further abuse and exploitation.

Michaud's claim that, "according to the Government itself, there is little likelihood that any remaining targets of its investigation of the site are still unaware that it was 'busted' by law enforcement," Def.'s Mot. 5, is speculative and unsupported by evidence. It is possible that some un-apprehended targets of the investigation may be generally aware of law enforcement investigation into child pornography websites; however, the particular investigation in to the website involved in this case, and the investigative techniques used to identify and apprehend users of the site in this case, have, for obvious reasons related to the security of the investigation, not been publicized. There is always some risk that an individual offender might become aware of an investigation before the offender is apprehended. That risk is no reason to abandon a justified effort to maintain the security of an investigation so that additional subjects – articular subjects who are exploiting children – may be brought to justice.

The defendant also contends that disclosure will not jeopardize the ongoing investigation because the website ceased operating. That argument wholly ignores the multiple and significant investigative steps required to identify and apprehend numerous subjects in a vast and wide-ranging criminal enterprise. The seizure and shut down of the site marked the beginning, not the end, of the investigation of users of the site. As noted, the government is prepared to provide further details regarding the status of the ongoing investigation to the Court in camera.

Government's Response to Defendant's Motion to Vacate or Modify Protective Order and Unseal Motion to Suppress Evidence - 8
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

There is also good cause to maintain the current protective order in order to prevent the public disclosure, to offenders still under investigation, of the particular investigative techniques that were used in this investigation, which are described in detail in protected discovery documents and still-sealed court documents that have been provided to the defendant through discovery. Michaud claims by reference to unrelated cases in the District of Nebraska that the government has already disclosed details about the investigative techniques used in this case. That is incorrect. The undersigned is counsel for the United States in both of the Nebraska cases cited by the defendant -- *United States v. Reibert, et. al.,* D. Neb. No. 13-cr-107, and *United States v. Cottom, et. al.,* D. Neb. No. 13-cr-108. *Cottom* and *Reibert* involve a different investigation, of a different website, using a different investigative technique than the one pertinent to the defendant's case. During pre-trial litigation in that case, long after the ongoing investigation was complete, the government disclosed, in an expert notice, details about the specific investigative technique used in that case. That investigative technique was publicly-sourced, no longer in use, and pertained to an investigation that was no longer ongoing. In fact, that disclosure was made nearly two years after the government had used the investigative technique therein, and well over one year after the defendants were charged. Accordingly, unlike here, a detailed disclosure about it did not threaten to jeopardize any ongoing investigation or expose any sensitive investigative technique.[5]

---

[5] The defendant also claims that an investigative technique warrant in the *Cottom* case was "unsealed and available to the general public" as of June 17, 2013. That is also incorrect. There is no docket entry in the *Cottom* case on June 17, 2013. The investigative technique search warrants in that case, which were then still under seal, were publicly (and improperly) filed by a defense counsel in the case as an attachment to a motion on June 16, 2014, absent any request to unseal the documents. *United States v. Cottom*, et. al., D. Neb., No 13-cr-108, Doc. 122. Undersigned counsel orally brought that matter to the Court's attention during the April 17-18, 2014, suppression hearing in that case (which involved numerous related defendants). The Court declined any remedy to the

Government's Response to Defendant's Motion to Vacate or Modify Protective Order and Unseal Motion to Suppress Evidence - 9
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Michaud also argues that the stipulated Protective Order has limited his ability to study the evidence in the case – specifically, that the stipulated Protective Order has precluded him from consulting with outside experts and organizations, including the ACLU of Washington and the Electronic Frontier Foundation, both of which have "extensive experience litigating governmental surveillance programs." *Id.* at 6. However, in so arguing, Michaud fails to explain how the stipulated Protective Order actually limits his ability to study the evidence and prepare for trial. The stipulated Protective Order does not withhold discovery material from Michaud—it only limits possession of copies of the material to members of his defense team. Moreover, the order broadly defines the defense team to include "the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record." By its own terms, then the stipulated Protective Order does not preclude Michaud from hiring outside experts onto the defense team (therefore bringing them within scope of the protective order) and accordingly reviewing discovery with them. If the defendant wants to hire an expert from the EFF, ACLU, or any other organization, he may do so. As a member of Michaud's defense team, that investigator, assistant, or expert would have access to the discovery materials pursuant to the conditions articulated in the stipulated Protective Order. *Id*. Michaud of course also remains free to hire or retain additional attorneys of record who may also be made a part of the defense team and therefore access the protected materials. In light of this provision, it is clear that continued implementation of the Protective Order would in no way hinder Michaud's trial preparations.

---

government for the improper filing of the sealed documents and allowed the documents to remain publicly filed, even though they remained under seal of the court. The Court ultimately denied all of the defendants' motions to suppress pertaining to the investigative techniques. *Id*., Docs. 148, 155.

Government's Response to Defendant's Motion to Vacate or Modify Protective Order and Unseal Motion to Suppress Evidence - 10
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The defendant's motion to vacate the protective order (and to unseal his motion to suppress) also fails to advise the Court that the protected materials include documents that remain under seal by order of the United States District Court for the Eastern District of Virginia ("EDVA") and this court, and that his motion to suppress liberally quotes from and includes substantial information from documents (including a search warrant application/authorization and a wiretap application/authorization) still under seal in EDVA. The defendant has not moved to unseal those documents and cites no authority whatsoever for the premise that this court may lawfully unseal documents that remain under seal of a co-equal United States District Court. The documents remain under seal for good cause, given the still-ongoing investigation into the users of the website at issue. In any event, the documents have been provided to the defendant through discovery, pursuant to the protective order and a separate EDVA order that permits the government to provide those sealed documents to counsel for charged defendants in order to comply with discovery obligations.

In his motion, the defendant also offers, as an alternative, that the government could redact portions of protected material or his motion to suppress that contain sensitive information. Yet, when the government proposed just such a solution, the defendant rejected it. In an effort to resolve the issue now before the court with respect to the sealing of the defendant's motion to suppress, the government provided the defendant with a proposed redacted version that the government agreed could be filed on the public record. The government redacted from that motion sensitive investigative details about the website under investigation and quotes and other information taken directly from search warrants and wiretap applications that remain under seal

Government's Response to Defendant's Motion to Vacate or Modify Protective Order
and Unseal Motion to Suppress Evidence - 11
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

in EDVA. The defendant rejected the government's offer and persisted in his motion to file still-sealed materials pertaining to an ongoing investigation in the public record.

### III. CONCLUSION

For the above-stated reasons, the United States respectfully requests that this Court deny Michaud's Motion to Vacate or Modify the Protective Order and Unseal the Motion to Suppress Evidence.

DATED this 6th day of November, 2015.

Respectfully submitted,
ANNETTE L. HAYES
United States Attorney

*/s/S. Kate Vaughan*
S. KATE VAUGHAN
Assistant United States Attorney

*s/Keith A. Becker*
KEITH BECKER
Trial Attorney

NY Bar Number: 4287967
Attorney for Plaintiff
U.S. Department of Justice,
Criminal Division
Child Exploitation and Obscenity Section
1400 New York Ave. NW, Sixth Floor
Washington DC, 20005
Telephone: (202) 305-4104
Fax: (202) 514-1793
E-Mail: Keith.Becker@usdoj.gov

Government's Response to Defendant's Motion to Vacate or Modify Protective Order and Unseal Motion to Suppress Evidence - 12
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant.

*s/ Rebecca Eaton*
REBECCA EATON
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-5127
Fax: 206-553-0755
E-mail: rebecca.eaton@usdoj.gov

Government's Response to Defendant's Motion to Vacate or Modify Protective Order and Unseal Motion to Suppress Evidence - 13
U.S. v. MICHAUD / CR15-05351-RJB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800