JUDGE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR15-5351RJB |
| Plaintiff, | MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY |
| v. | |
| JAY MICHAUD, | **Noted:  December 4, 2015** |
| Defendant. | *[Evidentiary Hearing Requested]* |

## I.  MOTION

Jay Michaud, by his attorneys Colin Fieman and Linda Sullivan, respectfully moves the Court pursuant to Fed. R. Crim. P. 16(d) for an Order compelling discovery material to the defense's pending Motion to Suppress and Motion to Dismiss Indictment.  This motion is supported by the following memorandum of law and attached exhibit, as well as the accompanying certification of defense counsel in compliance with Local Rule CrR 16(i).

## II.  FACTS AND ARGUMENT

On September 9, 2015, the defense requested a copy of the programming code for the "Network Investigative Technique" (NIT) that was deployed on Mr. Michaud's computer.  The defense is seeking a copy of the code so that its computer forensics expert can independently determine the full extent of the information the Government seized from Mr. Michaud's computer when it deployed the NIT; whether the NIT

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 1

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1  interfered with or compromised any data or computer functions; and whether the
2  Government's representations about how the NIT works in its warrant applications
3  were complete and accurate.  This forensic information is relevant to Mr. Michaud's
4  Motion to Suppress and a potential motion pursuant to *Franks v. Delaware*, 438 U.S.
5  154 (1978).  *See United States v. Cedano-Arellano*, 332 F.3d 568 (9th Cir. 2003)
6  (district court erred in denying a defendant's motion for discovery under Rule 16 of
7  material relating to the reliability of a drug-sniffing dog, for purposes of a motion to
8  suppress); *United States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000)
9  (requiring disclosure on due process grounds of a report relevant to issues in a
10 suppression motion); *see also* W.D.. Wa. Local Rule CrR 16 ("It is the intent of the
11 court to encourage complete and open discovery consistent with applicable statutes,
12 case law, and rules of the court at the earliest practicable time").

13    The defense has offered to enter into a protective order that would ensure that
14 review of the programming code is limited to the defense team and also address any
15 other legitimate confidentiality concerns the Government may have about disclosing the
16 code.  However, on October 30, 2015, the Government notified the defense that it
17 would not disclose the code, asserting that it is "subject to law enforcement privilege."

18    The Court should note that, in connection with other NIT cases, the Government
19 has made copies of the NIT's programming code available to the defense for inspection
20 and forensic analysis.  *See* Motion to Vacate Protective Order, exh. A at 2 (Department
21 of Justice (DOJ) notice and disclosure letter in *United States v. Cottom*, summarizing
22 the Government's disclosures about the NIT "Flash application" used in that case,
23 including "example programming code," and extending an offer for defense inspection
24 of the "compiled code for the NIT" stored on a government server).  The Government's

25
26

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

refusal to disclose the code in this case is therefore inconsistent with its prior practice and in itself cause for concern.

In addition, the defense served the Government with a supplemental discovery letter on October 22, 2015, seeking information relevant to Mr. Michaud's Motion to Dismiss Indictment. *See* exh. A, attached hereto (discovery request letter). The requested information includes the total number of pictures and videos that were downloaded or distributed from "Website A" while it was managed and controlled by the FBI; the number of visitors to the site during that time; and records related to the approval and supervision of the "Website A" operation.

The Government has not disputed that it can access and provide all of the data and records identified in the October 22 request. However, it has declined to disclose the information requested on several grounds, including relevance and "law enforcement privilege."[1]

All of the information sought by the defense in its October 22 request relates to the allegations of outrageous governmental conduct that are the subject of the dismissal motion. This information is relevant to showing the extent to which the Government distributed child pornography during the FBI's control and administration of "Website A" and the defense's ability to meet its burden of showing that the Government's conduct offends common standards of decency to a degree warranting dismissal. Likewise, the request for documents and records relating to DOJ's review, approval and supervision of the "Website A" operation are relevant to showing that the FBI's distribution of child pornography as part of that operation was not a mistake or undertaken by agents acting without FBI or DOJ approval, and was in fact a course of action approved by the Government.

---

[1] The Government has made available an "offline copy" of "Website A" for defense inspection, but the data relating to the discovery request cannot be gleaned from this copy.

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 3

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Finally, the discovery related to DOJ's and the FBI's approval and supervision of the "Website A" operation is also relevant to rebutting specific claims the Government has made in its Response to Motion to Suppress (Dkt. 47).  There, in arguing that agents acted in "good faith" reliance on the NIT warrant, the Government has contended that agents "deliberately sought to satisfy the letter of Rule 41" and that "law enforcement" concluded that the NIT warrant application complied with the law. *Id*. at 21.  Although the subjective beliefs and intentions of law enforcement agents are irrelevant for purposes of the good faith exception, *see, e.g, United States v. Hove*, 848 F.2d 137, 140 (9th Cir. 1988), the Government is nonetheless suggesting that the Court should consider facts related to DOJ's internal review or approval of the "Website A" warrants when deciding whether the good faith exception should apply.  Having raised these factual issues, the Government should not be allowed to withhold discovery that sheds further light on them.[2]

### III. CONCLUSION

For the reasons stated above, Mr. Michaud respectfully requests that the Court issue an Order for disclosure of the records and information sought by the defense, subject to such conditions or protections that the Court deems appropriate to address any legitimate confidentiality interests on the part of the Government.

DATED this 20th day of November, 2015.

Respectfully submitted,

s/ *Colin Fieman*
s/ *Linda Sullivan*
Attorneys for Jay Michaud

---

[2]The Government's response to the motion to suppress, including its good faith argument, will be addressed fully in the defense's suppression motion reply briefing, which is due on December 2, 2015.

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

# CERTIFICATE OF SERVICE

I hereby certify that on the date shown below I e-filed with the Clerk of the Court the foregoing Motion to Compel Discovery and Memorandum in Support of Motion, Proposed Order, and Affidavit and Certification of Defense Counsel in Support of Motion to Compel Discovery.  I used the CM/ECF system, which will send notification of this filing to Special Assistant United States Attorney.

DATED this 20th day of November, 2015.

s/ Amy Strickling, Paralegal to
Colin Fieman
Assistant Federal Public Defender

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 5

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**