JUDGE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                      )<br>          Plaintiff,                         )<br>                                                      )<br>     v.                                            )<br>                                                      )<br> JAY MICHAUD,                            )<br>                                                      )<br>          Defendant.                     )<br>_____ ) | No. CR15-5351RJB<br><br>REPLY TO GOVERNMENT RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY<br><br>*[Evidentiary Hearing Requested]* |

## I. INTRODUCTION

The Government has reconsidered its position on disclosure of the NIT programming code and, on December 10, notified defense counsel that it will make the code available for analysis pursuant to a protective order. The parties anticipate that they will be able to agree on the terms of a proposed order. Accordingly, it is unlikely that further assistance from the Court will be needed to resolve the code disclosure issue.

Several issues remain, however, involving discovery of (1) information and data related to the FBI's distribution of child pornography and (2) records relevant to the issues of whether the "good faith" exception to the exclusionary rule should apply in this case and whether the Government deliberately violated Fed. R. Crim. P. 41. Mr. Michaud submits this Reply to the Government's Response to Defendant's Motion to Compel Discovery as it pertains to those unresolved issues.

REPLY TO GOV'T RESPONSE TO MOTION
TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

## II. ARGUMENT

In its Response, the Government at several points suggests that there is a significant burden to the defense to demonstrate materiality under Rule 16. *See, e.g.*, Response at 1, 6. However, "[m]ateriality is a low threshold; it is satisfied so long as 'the information [] would have helped' [the defendant] prepare a defense." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (quoting *United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir.2013)). Furthermore, "[a] defendant needn't spell out his theory of the case in order to obtain discovery. Nor is the government entitled to know in advance specifically what the defense is going to be." *Hernandez-Meza*, 720 F.3d at 768. As the court explained, "The relevant subsection of Rule 16 is written in categorical terms: Upon defendant's request, the government *must* disclose any documents or other objects within its possession, custody or control that are 'material to preparing the defense.'" *Id*. (emphasis added). In this case, all of the remaining discovery at issue is material to Mr. Michaud's defense.

### A. Site Visits and Images/Videos Accessed By Others.

Mr. Michaud has requested discovery about the number of visitors to "Website A" while it was operated by the FBI, as well as related information such as the number of pictures and videos the FBI distributed from the site. *See* Motion to Compel Discovery (Dkt. 54) at 3-4. This information is plainly relevant to Mr. Michaud's Motion to Dismiss Indictment (Dkt. 50). Nevertheless, the Government maintains that it is not because "it is undisputed that users . . . could visit the website and access child pornography" while the site was under Government control. Response at 12. While the Government's admission that it was in fact distributing child pornography is helpful, it does not fully resolve the dismissal motion. The Court, in determining whether the Government's conduct was sufficiently outrageous to warrant dismissal, may still need

REPLY TO GOV'T RESPONSE TO MOTION
TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

to make specific findings about the extent of the distribution and the Government's efforts (or lack thereof) to contain the circulation and redistribution of contraband.

The Government also asserts that Mr. Michaud "has access to information about site use by other users" through examining the "offline web site." Response at 12. This is not correct. The offline site that has been made available to the defense captures the way the site appeared to visitors while it was operated by the FBI, but it does not provide access to most of the data that is stored on the site's server, any more than viewing the online version of today's *New York Times* allows readers to access most of the data that relates to the paper's distribution and circulation. It is therefore impossible, for example, for the defense to determine how many illegal images were accessed and downloaded by site users after the FBI took control of it, because that data is separately stored in the Government's servers.

Finally, the Government states, without any discussion, that this discovery is barred by *United States v. Armstrong*, 517 U.S. 456, 462-63 (1996). Response at 11-12. *Armstrong* held that "[a] defendant seeking discovery in a selective prosecution case must provide 'some evidence tending to show the existence of the essential elements of the defense,' namely, 'discriminatory effect and discriminatory intent.'" *United States v. Martinez*, 589 F. App'x 371 (9th Cir. 2015) (quoting *Armstrong*, 517 U.S. at 468). Mr. Michaud certainly has presented some evidence tending to show outrageous government conduct, and seeking dismissal of the indictment on that ground is a critical part of Mr. Michaud's defense. As a result, consistent with *Armstrong*, he is entitled to the discovery.

REPLY TO GOV'T RESPONSE TO MOTION
TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 3

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

### B. Internal Government Memoranda Related to Approval or Supervision of the "Website A" Operation.

In regard to records related to DOJ's approval and supervision of the "Website A" operation, the Government misstates the issue. According to the Government, Mr. Michaud is seeking discovery "showing that the investigation was a 'mistake or undertaken by agents acting without FBI or DOJ approval.'" Response at 13, ll. 14-15. To the contrary, as stated in the Motion to Compel Discovery, the discovery is relevant to showing that the FBI's distribution of child pornography "was *not* a mistake or undertaken by agents acting without FBI or DOJ approval, and was in fact a course of action approved by the Government." Motion to Compel at 3, ll. 21-24 (emphasis added).

The defense's intention here is to foreclose any claim by the Government that its conduct was not outrageous or "governmental" on the theory that the "Website A" operation was some sort of "rogue" or unapproved investigation, or any claim that DOJ did not deliberately violate Rule 41 when it submitted the NIT warrant application based on an assertion that the application was not vetted by the appropriate people. While the Government considers the misconduct issue to be frivolous, Response at 13, the defense submits that discovery relating to the extent to which DOJ and the FBI approved apparent violations of the law (both when it comes to distributing child pornography and deliberately circumventing Rule 41) is not only relevant to substantial issues before the Court but an important part of Mr. Michaud's defense.

The Government also tries to have it both ways with its invocation of the "good faith" exception in connection with Mr. Michaud's challenges to the NIT warrant. Response at 14. On one hand, the Government states that "an officer's consultation with a government attorney is of significant importance to a finding of good faith." Response at 14 (quoting *United States v. Brown*, 951 F.2d 999, 1005 (9th Cir. 1991)).

REPLY TO GOV'T RESPONSE TO MOTION
TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

At the same time, however, the Government asserts that "neither pointing out that legal premise nor making that argument implicates documents related to internal deliberations of government attorneys." *Id.* But the Government never explains why relying on "consultations" as evidence of good faith does not implicate records relating to those consultations.

For example, the Government will likely seek to introduce testimony at the suppression hearing that the NIT warrant was approved by DOJ counsel prior to its submission to the court, as evidence that it was a proper warrant or relied on in "good faith." At the same time, the defense maintains that the NIT warrant does not comply with DOJ's own analysis of the limits imposed by Rule 41, and that DOJ's efforts to get the rule amended at the time the warrant was issued are inconsistent with its claim now that the warrant complies with the rule. *See* Second Motion to Suppress and Motion for *Fran*ks Hearing (Dkt. 69) at 5-6.

If the Government has its way, it will be able to rely on testimony about its consultations related to the "Website A" operation and the NIT warrant to try to rebut the defense's motions, but the defense will not be able effectively to cross-examine witnesses about the inconsistencies between the outcome of those consultations and (1) DOJ's own analysis of Rule 41 and (2) its efforts to change the rule. *See United States v. Bustamante*, 687 F.3d 1190, 1195 (9th Cir. 2012) ("Without the crucible of cross-examination guaranteed by the Constitution, Bustamante had no way to test the reliability of a significant part of the government's case."). That would result in an evidentiary playing field unfairly tilted in the Government's favor.

Finally, the Government relies on the work product protections set forth in Rule 16(a)(2) and in case law. Response at 14-15. It is foreclosed from doing so. In this regard, the Government argues that "an officer's consultation with a government

REPLY TO GOV'T RESPONSE TO MOTION
TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 5

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

attorney is of significant importance to a finding of good faith," Response at 14, but it wants to withhold discovery related to that issue of "significant importance."  In other words, the Government wants to use its work product both as a sword (to assert a good faith defense) and a shield (to prevent further examination of whether the Government acted deliberately when it violated Rule 41).  The Ninth Circuit has held that this is not permissible.

> In *Bittaker,* we explained that a waiver of the attorney-client and work product privileges was implied out of fairness to the State, in that a habeas petitioner could not use "the privilege as both a shield and a sword." "The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it."

*Lambright v. Ryan*, 698 F.3d 808, 823 (9th Cir. 2012) (citing *Bittaker v. Woodford*, 331 F.3d 715, 719 and 720 (9th Cir.2003) (en banc; internal citation omitted).

As a result, the Government should be given a choice.  It can elect to limit its evidence and testimony at the suppression hearing about consultations to the fact that the NIT and Title III warrants and supporting applications were reviewed by DOJ or FBI counsel before they were submitted to the Virginia court.  That fact is not disputed, since DOJ procedures for review and approval of electronic data searches and undercover online operations are a matter of public record and have already been cited by the defense in its pleadings.  *See, e.g*., Defendant's Reply to Government's Reply to Motion to Suppress (Dkt. 69) at 5-6.  However, the Government should not be allowed to introduce additional facts or testimony detailing those consultations, and use such evidence to try to persuade the Court that the warrants are legal or were relied on in good faith, without full disclosure of the records related to the consultations and a meaningful opportunity to cross-examine witnesses about them.

REPLY TO GOV'T RESPONSE TO MOTION
TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 6

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Finally, the Government contends that the requested material is not covered by Rule 16, citing *Armstrong*, 517 U.S. at 462-63.  Response at 13.  However, even when material is not covered by Rule 16, its production may be covered by *Brady*.  Although *Brady v. Maryland*, 373 U.S. 83, 87 (1963), references items that are "material either to guilt or to punishment," *Brady* materials can also include those relevant to pre-trial motions.  *See*, *e.g.*, *United States v. Cedano-Arellano*, 332 F.3d 568 (9th Cir. 2003)*; United States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000).

### III. CONCLUSION

This Court should order the requested discovery for information related to user activity and distribution of contraband on "Website A."  Further, as to discovery of internal Government memoranda, the Court should give the Government the choice of either foregoing any additional evidence related to its "consultations" either in support of a good faith claim or to rebut the defense's allegation that it deliberately violated Rule 41, or else waive its work product privilege and produce the documents that have been requested by the defense.

DATED this 10th day of December, 2015.

                Respectfully submitted,

                s/ *Colin Fieman*
                s/ *Alan Zarky*
                Attorneys for Jay Michaud

REPLY TO GOV'T RESPONSE TO MOTION
TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 7

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

**CERTIFICATE OF SERVICE**

I hereby certify that on the date shown below I e-filed with the Clerk of the Court the foregoing Reply to Government Response to Motion to Compel Discovery. I used the CM/ECF system, which will send notification of this filing to Special Assistant United States Attorney.

DATED this 10th day of December, 2015.

s/ Amy Strickling, Paralegal to
Colin Fieman
Assistant Federal Public Defender

REPLY TO GOV'T RESPONSE TO MOTION
TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 8

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**